# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN DREW ALMY,

    *Plaintiff*,

vs.

D. DAVIS, *et al.*

    *Defendants*.

3:11-cv-00332-ECR-RAM

ORDER

    This *pro se* prisoner civil rights case by an inmate in state custody comes before the Court on plaintiff's application (#1) to proceed *in forma pauperis* and for initial review.

    The papers submitted are subject to multiple defects.

    First, the pauper application is not on the Court's required form. Under 28 U.S.C. § 1915(a)(2) and Local Rules LSR 1-1 and 1-2, a plaintiff must submit an application on the Court's required form. Plaintiff instead submitted an entirely handwritten motion in which he, *inter alia*, seeks to challenge the propriety of the Court's dismissal of his prior action in No. 3:11-cv-00023-ECR-VPC. Plaintiff must use the required pauper form.

    Second, plaintiff failed to attach the required attachments for a pauper application. Both a financial certificate properly executed by an appropriate institutional officer and a statement of the plaintiff's inmate trust fund account for the past six months are required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2. Plaintiff attached neither an executed financial certificate nor a statement of his inmate trust fund account for the past six months.

    Third, the plaintiff did not file a complaint on the Court's Section 1983 complaint form as required by Local Rule LSR 2-1, instead using only selected pages from the form. The

accompanying motion (#1-1) reveals that plaintiff intentionally refused to do so. Plaintiff maintains that the Court improperly dismissed his prior action in No. 3:11-cv-00023-ECR-VPC for failure to state a claim because the required Section 1983 complaint form allegedly did not provide him enough space to state his claims with the requisite specificity. Plaintiff is incorrect. Civil rights plaintiffs may include additional pages for each count and file a motion for leave to file a complaint exceeding the page limit with the complaint. Hundreds of complaints are filed in this Court every year in which plaintiffs state a claim for relief using the required complaint form. The prior action, on its face, in any event was dismissed without leave to amend, not based upon a remediable lack of specificity.

Given that plaintiff has failed to use the required pauper form, has failed to attach the required financial materials for a pauper form, and – intentionally – has failed to use the required Section 1983 complaint form, this action will be dismissed without prejudice. A subsequent action is not a proper vehicle for challenging the Court's rulings in a prior case. Plaintiff must follow the local rules, must use the required forms, and must follow the instructions for the forms. If plaintiff instead chooses to refuse to follow the local rules, to refuse to use the required forms, and to refuse to follow the instructions for the forms, his action will be dismissed without prejudice forthwith.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new complaint on the proper form in a new action together with either a pauper application on the required form with all required attachments or the required $350.00 filing fee.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice. The Clerk shall send plaintiff a copy of the papers that he filed herein.

DATED: May 11, 2011.

_____
EDWARD C. REED
United States District Judge